UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL THOMSON,
an individual,

Plaintiff,

Case No. 1:19-cv-____

vs.

COMPLAINT

JBS PLAINWELL, INC.
a corporation,

Defendant.

---

William F. Piper (P38636)
William F. Piper, P.L.C.
Attorney for Plaintiff
1611 West Centre Avenue, Suite 209
Portage, MI 49024
Phone: 269.321.5008
Fax: 269.321.5009

---

The plaintiff Daniel Thomson, by and through his attorney William F. Piper, PLC., for his complaint, states as follows:

JURISDICTIONAL ALLEGATIONS

1. The plaintiff Daniel Thomson is an individual who resides in the County of Allegan, State of Michigan, and he resided therein at all times relevant to this complaint.

2. The defendant is a corporation that did business in the County of Allegan, State of Michigan, at all times relevant to this complaint.

3. This matter arises out of Mr. Thomson's employment by the defendant and its termination of that employment by it on August 13, 2018 in Allegan County.

4. This matter arises under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq. and the Americans With Disabilities Act, 42 U.S.C. §12101 et. seq.

5. Jurisdiction arises under 28 U.S.C. §1331.

COMMON ALLEGATIONS

6. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-5 of this complaint.

7. The defendant hired Mr. Thomson in August 2006 to work in maintenance.

8. At all times that he worked for the defendant Mr. Thomson did a good job for it.

9. In January 20108 Mr. Thomson got a bad case of gout on his foot, and he had to miss work because of it.

10. Gout was a chronic condition that Mr. Thomson had, and, if not controlled for the most part by medication, it would prevent him from walking, working and performing manual tasks.

11. While he was off work from January 25, 2018 through February 2, 2018 on a leave protected under the FMLA, Mr. Thomson's supervisor asked him to do several tasks, including read e-mails.

12. Mr. Thomson objected, asserting that he couldn't because he was under the influence of prescribed narcotics.

13. While he was off work Mr. Thomson's supervisor called him, asked him if he had gone to his doctor's appointment, and asked him to stop into work after his doctor's appointment.

14. Mr. Thomson looked at emails at home because his supervisor ordered him to do so while he was off work when he wasn't too much under the influence of narcotics.

15. When Mr. Thomson returned to work in early February, his supervisor reprimanded him for untimely communication and demoted him in retaliation for not working as directed and for not communicating while he was sleeping.

16. In May 2018 the defendant gave Mr. Thomson a final warning for something that was not under his control because he had been on a vacation for three days when the incident had occurred.

17. On August 13, 2018 the defendant terminated Mr. Thomson for allegedly (but not actually) not reporting a chemical spill.

18. The reason given for terminating Mr. Thomson was false, because Mr. Thomson had reported the chemical spill to his direct supervisor.

19. As a result of the unlawful and retaliatory demotion and termination, Mr. Thomson has suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life, and other damages.

COUNT I I- FMLA INTERFERENCE

20. The plaintiff restates and realleges as though fully set forth herein, paragraphs 1-19 of this complaint.

21. By making Mr. Thomson both work while he was under a leave protected under the FMLA from January 25 through February 2, 2018 and communicate with the defendant on its terms, the defendant interfered with Mr. Thomson's rights under the Family and Medical Leave Act, 29 U.S.C. §2601 et seq.

22. The defendant interfered with Mr. Thomson's rights under the FMLA by demoting him and not allowing him to return to his position after he had finished his leave protected under the FMLA in early February 2018.

23. The defendant therefore interfered with Mr. Thomson's rights under the Family and Medical Leave Act, 29 U.S.C. §2601 et. seq.

24. As a result of the interference set forth above, Mr. Thomson suffered and will continue to suffer the damages set forth above.

25. This claim is actionable under the FMLA, 29 U.S.C. §2601 et. seq.

WHEREFORE, the plaintiff requests a judgment against the defendant in an amount equal to any wages, salary, employment benefits, interest and any other compensation denied or lost to him by reason of the defendant's violations of the FMLA; an additional amount as liquidated damages equal to the sum of any lost wages, salary, employment benefits and any other compensation and interest; compensation for all future economic damages, any equitable relief that may be appropriate, including front pay; and all attorney's fees, costs and any other relief this court deems fair and just.

COUNT II – FMLA RETALIATION AND DISCRIMINATION

26. The plaintiff restates and realleges as though fully set forth herein, paragraphs 1-25 of this complaint.

27. The defendant retaliated against Mr. Thomson for his use of leave protected under the FMLA by demoting him in early February 2018 and terminating his employment on August 13, 2018.

28. As a result of the unlawful retaliation and discrimination set forth above, Mr. Thomson has suffered and will continue to suffer the damages set forth above.

29. This claim is actionable under the FMLA, 29 U.S.C. §2601 et. seq.

WHEREFORE, the plaintiff requests a judgment against the defendant in an amount equal to any wages, salary, employment benefits, interest and any other compensation denied or lost to him by reason of the defendant's violations of the FMLA; an additional amount as liquidated damages equal to the sum of any lost wages, salary, employment benefits and any other compensation and interest; compensation for all future economic damages, any equitable relief that may be appropriate, including front pay; and all attorney's fees, costs and any other relief this court deems fair and just.

COUNT III – ADA VIOLATION

30. The plaintiff restates and realleges as though fully set forth herein, paragraphs 1-29 of this complaint.

31. The defendant terminated Mr. Thomson's employment by it because of Mr. Thomson's having a disability of gout.

32. But for Mr. Thomson's disability, the defendant would not have terminated his employment.

33. As a result of the discriminatory termination, Mr. Thomson suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment against the defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for his loss of income and benefits that he suffered and that he will suffer in the future; compensation for all intangible damages he suffered in the past and that he will suffer in the future; punitive damages; all recoverable interest, attorney's fees and any other relief this court deems fair and just.

Dated: August 16, 2019

WILLIAM F. PIPER, PLC.
Attorney for Plaintiff

By: /s/ William F. Piper
William F. Piper (P38636)